IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREG STUMBO,** | * | CIVIL ACTION-LAW |
| | * | |
| Plaintiff, | * | Case No.: |
| | * | |
| v. | * | |
| | * | |
| **WASHINGTON COUNTY, WARDEN** | * | |
| **JOHN TEMAS, CORRECTIONAL** | * | |
| **OFFICER JOHN DOE 1,** | * | |
| **CORRECTIONAL OFFICER JOHN** | * | |
| **DOE 2, CORRECTIONAL OFFICER** | * | |
| **JOHN DOE 3, CORRECTIONAL** | * | JURY TRIAL DEMANDED |
| **OFFICER JOHN DOE 4** | | |
| | | |
| Defendants. | | |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, GREG STUMBO, an adult individual, by and through his attorneys, Robert Rohrbaugh, Esquire, Louis J. Kroeck IV, Esquire and the law firm of Anstandig and McDyer, P.C. and files the within Complaint and in support thereof, aver as follows:

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 42 U.S.C. §1983, 1331 and 1343. Plaintiff raises claims under the Fifth, Fourteenth and Eighth Amendments of the United States Constitution.

## PARTIES

1.     Plaintiff Gregory Stumbo is an adult individual who at all times relevant was a resident of Warren, Ohio.

2.     Defendant John Temas, ("Temas") is presently named in his official capacity as Warden of the Washington County Prison which is the County Jail in Washington County, Pennsylvania and is located at 100 W. Cherry Avenue, Washington, PA 15301. Until such time as a ruling by the Court occurs on such capacity claim, Temas is otherwise also named in an individual capacity.

3.     Defendant Washington County (the "County") is a local government unit organized, existing or operating under Pennsylvania Laws and has an address at 100 W. Beau St, Washington, PA, 15301. The County funds, implements policy for, and acts to supervise the County Jail and its Warden and employees. The County Jail, by its Defendant Warden, at all times mentioned herein employed individuals whose job it was to provide a safe environment for persons being detained for trial. As described below, the County's official rules, regulations or its policies, customs and practices towards the safety of Plaintiff and other detainees constituted violations of the Plaintiff's constitutional rights.

5.     Defendant Correctional Officer John Doe 1, presently unknown, at all times material, was contracted or employed by Washington County, and/or the County Jail, to provide for the safety and well being of inmates in the Washington County Prison. Correctional Officer John Doe 1 is sued in his official capacity as a servant or agent of the state and also in his individual capacity.

6.    Defendant Correctional Officer John Doe 2, presently unknown, at all times material, was contracted or employed by Washington County, and/or the County Jail, to provide for the safety and well being of inmates in the Washington County Prison. Correctional Officer John Doe 1 is sued in his official capacity as a servant or agent of the state and also in his individual capacity.

7.    Defendant Correctional Officer John Doe 3, presently unknown, at all times material, was contracted or employed by Washington County, and/or the County Jail, to provide for the safety and well being of inmates in the Washington County Prison. Correctional Officer John Doe 1 is sued in his official capacity as a servant or agent of the state and also in his individual capacity.

8.    Defendant Correctional Officer John Doe 4, presently unknown, at all times material, was contracted or employed by Washington County, and/or the County Jail, to provide for the safety and well being of inmates in the Washington County Prison. Correctional Officer John Doe 1 is sued in his official capacity as a servant or agent of the state and also in his individual capacity.

## STATEMENT OF FACTS

9.    On or around May 29, 2015 Plaintiff Greg Stumbo was arrested by the Cecil Township Police Department on charges related to an alleged disorderly conduct incident outside of the Hilton Garden Inn in South Point, Pennsylvania.

10.   Following his arrest Plaintiff Greg Stumbo was transported to the Cecil Township Police Department for booking without incident and then to the Washington County Jail.

11. Upon arrest, and continuously until sometime after his assault by corrections officers, Plaintiff was restrained by handcuffs.

12. Upon arrival at the Washington County Jail, Plaintiff was forcefully removed from the squad car and without provocation he was knocked to the ground by multiple John Doe correctional officers, forcefully beaten and assaulted and maced multiple times.

13. Following his removal from the squad car and the severe assault by correctional officers, Plaintiff was blind and functionally incapacitated.

14. Following the initial assault, Defendants' John Doe 1, 2, 3 and 4 transported Plaintiff to the prison showers where a second malicious assault occured. Defendants' jointly and severally beat, kicked, kneed, maced and chocked the Plaintiff, who was still restrained by handcuffs.

15. During the second assault Plaintiff's clothes were left in tatters, his leather belt was physically torn from his body in a manner so that the belt snapped and Plaintiff was left in need of immediate medical attention.

16. Plaintiff was subsequently transported to the hospital for treatment for eye injuries, a broken rib, facial contusions, head injury and traumatic brain injury.

17. Following this malicious assault Plaintiff filed a complaint with Police Officer Lieutenant Dan Stanek of the Washington County Police Department.

18. Defendants jointly and severally violated Plaintiff's Fourth Amendment and Fourteenth Amendment rights by using excessive and unnecessary force in their post-arrest conduct.

19. As the direct, proximate, and factual result of the conduct of the defendants, who acted jointly and severally, under the color of state law, the Plaintiff, Gregory Stumbo, has suffered

the following injuries and damages:

   a.   Plaintiff has suffered traumatic brain injury, facial contusions, eye injuries, a broken rib and severe bruising;

   b.   he has unnecessarily endured great pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma;

   c.   he may be required in the future to incur expenses for medical treatment and care, medical supplies, rehabilitation treatment, medicines and other attendant services;

   d.   he has sustained a loss in earning capacity, which may be permanent, as well as a loss in earnings;

   e.   his general health, strength and vitality have been permanently impaired;

   f.   he has been and may in the future be unable to enjoy the various pleasures of life;

   g.   he has in the past, and may continue in the future, to experience severe pain and suffering;

   h.   he has been required, and may continue in the future, to treat with various medical providers, physicians, surgeons and physical therapists; and

   i.   he will be required to spend money for care and rehabilitation and occupational training.

### FIRST CAUSE OF ACTION –Excessive Use of Force Under 42 USC §1983
### Plaintiff v. John Doe 1, John Doe 2, John Doe 3. John Doe 4

20.    Plaintiff hereby incorporates all previous paragraphs by reference.

22.    At the time and date previously mentioned, Defendants John Doe 1, 2, 3 and 4 used excessive force in their post arrest handling of Plaintiff.

22.   In their handling of Plaintiff, Defendants punched, kicked, kneed, battered and abused Plaintiff when in fact he acted without provocation, offered no resistance and was continuously restrained.

23.   Plaintiff at no time did or in fact was able to resist the Defendants who physically assaulted him.

24.   As a direct result of the said unlawful and malicious physical abuse of Plaintiff by Defendants, committed under color of law, and under each Defendants' authority as a county corrections Officer, Plaintiff suffered serious bodily harm in violation of the Fourth and Fourteenth Amendments of the United States Constitution and 42 USC §1983.

25.   As a result of Defendants' conduct, Plaintiff suffered physical, emotional and psychological injuries, all of which occurred by reason of the beating and trauma described above.

26.   As the direct, proximate, and factual result of the conduct of the defendants, who acted jointly and severally, under the color of state law, the Plaintiff, Gregory Stumbo, has suffered the following injuries and damages:

    a.  Plaintiff has suffered traumatic brain injury, facial contusions, eye injuries, a broken rib and severe bruising;

    b.  he has unnecessarily endured great pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma;

    c.  he may be required in the future to incur expenses for medical treatment and care, medical supplies, rehabilitation treatment, medicines and other attendant services;

    d.  he has sustained a loss in earning capacity, which may be permanent, as well as a loss in earnings;

    e.  his general health, strength and vitality have been

permanently impaired;

f.  he has been and may in the future be unable to enjoy the various pleasures of life;

g.  he has in the past, and may continue in the future, to experience severe pain and suffering;

h.  he has been required, and may continue in the future, to treat with various medical providers, physicians, surgeons and physical therapists; and

i.  he will be required to spend money for care and rehabilitation and occupational training.

27.  Defendants' acts were intentional, wanton, malicious and oppressive and an award of punitive damages is necessary in order to deter the Defendants from acting in a similar manner in the future.

WHEREFORE, Plaintiff requests judgment against Defendants jointly and severally for compensatory damages and for punitive damages including costs of this action, attorney fees and all other relief the Court deems appropriate under the circumstances.

**SECOND CAUSE OF ACTION. Municipal Liability - For Failure to Properly Train, Supervise and Discipline – Plaintiff v. Warden John Temas and Washington County**

28.  Plaintiff hereby incorporates all previous paragraphs by reference.

29.  Washington County, acting through all its supervising agents, failed to make any inquiry or investigation or in any way appropriately discipline the offending correctional officers who viciously assaulted Plaintiff.

30.  At all times relevant herein, Washington County acted with deliberate indifference to the complaints of Plaintiff regarding the improper actions of the offending correctional

officers, thereby tacitly authorizing, as well as instantiating or continuing a pattern and practice of deliberate indifference which has permitted and/or will permit corrections officers, such as the Defendants herein, to violate the United States Constitution and the laws of the Commonwealth of Pennsylvania.

31    At all times relevant herein Warden John Temas was responsible for ensuring the well being of detainees under his care and ensuring that other County employees were dutifully performing their jobs.

32.    Plaintiff further alleges, that Warden John Temas was deliberately indifferent to the needs of prisoners in his care and allowed his officers to act with impunity in their treatment of detainees in violation of the United States Constitution and the laws of the Commonwealth of Pennsylvania.

33.    Warden John Temas was also deliberately indifferent to the needs of persons in his custody in the following ways:

   a. in failing to hire, supervise, train and/or maintain competent corrections officers;

   b. in failing to implement or execute policies or procedures ensuring that inmates received proper treatment;

   c. in failing to investigate whether his officers, employees and agents were complying with applicable policies and customs and/or violating inmate's constitutional rights;

   d. through his personal development of County policies and procedures that contributed to a pattern and practice of denying inmate's proper treatment;

e.  in failing to properly supervise, train or assist any employees who may have been within his control at the time of the incident.

34.    Plaintiff further alleges, upon information and belief, that the County was deliberately indifferent to the needs of persons in their custody in the following manner:

a. the Defendant County failed to train, supervise and discipline its corrections officers;

b. any program that was provided by the Defendant County to train, supervise and discipline its officers was inadequate to enable said officers to carryout their duties;

c. the Defendant County was aware of the obvious need for and inadequacy of said programs, so as to result in the violation of Constitutional rights;

d. the Defendant County knew or should have known that the failure to properly train, supervise and discipline its police officers was likely to result in the violation of Constitutional rights;

e. the Defendant County policymakers were deliberately indifferent to the need for such training, supervision and discipline to protect the rights of Plaintiff and other citizens;

f. the failure of the Defendant County to provide the proper training, supervision and discipline has caused the Plaintiff and others to suffer violations of their Constitutional rights and created an environment which encourages officers to take the law into their own hands.

g. that the County, through custom or policy, engaged in a pattern and practice of allowing individuals such as Plaintiff to suffer at the hands of correctional officers.

35. All of the above actions have in the past contributed, and will in the future continue to contribute, to the improper treatment of citizens of Defendant County, and those passing through its physical boundaries, so as to imply, by its failure to act, the Defendant County tacitly authorizes a pattern and practice as previously set forth herein.

36. As the direct, proximate, and factual result of the conduct of the defendants, who acted jointly and severally, under the color of state law, the Plaintiff, Gregory Stumbo, has suffered the following injuries and damages:

a. Plaintiff has suffered traumatic brain injury, facial contusions, eye injuries, a broken rib and severe bruising;

b. he has unnecessarily endured great pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma;

c. he may be required in the future to incur expenses for medical treatment and care, medical supplies, rehabilitation treatment, medicines and other attendant services;

d. he has sustained a loss in earning capacity, which may be permanent, as well as a loss in earnings;

e. his general health, strength and vitality have been permanently impaired;

f. he has been and may in the future be unable to enjoy the various pleasures of life;

g. he has in the past, and may continue in the future, to experience severe pain and suffering;

h.  he has been required, and may continue in the future, to treat with various medical providers, physicians, surgeons and physical therapists; and

i.  he will be required to spend money for care and rehabilitation and occupational training.

WHEREFORE, Plaintiff requests judgment against Defendants for compensatory damages, plus cost of this action, attorney fees, and such other relief as the Court deems fair and appropriate under the circumstances.

### THIRD CAUSE OF ACTION
### State Cause of Action - Assault and Battery
### Plaintiff v. John Doe 1, John Doe 2, John Doe 3. John Doe 4

37.  Plaintiff hereby incorporates all previous paragraphs by reference.

38  Defendants' use of force from on the date of the above described incident was excessive, unreasonable, unnecessary and unjustified.

39.  Further, the Defendants' use of force in the manner stated above was inflicted in a knowing, intentional and reckless manner as the Defendants' desired to bring about the results that followed or were aware that the harm to Plaintiff was substantially certain to ensue.

40.  Defendants' actions subjected Plaintiff to unjustified fear of serious bodily injury and in fact caused him severe physical injuries. The same therefore constituted the pendent tort of assault and battery under relevant state law.

WHEREFORE, Plaintiff requests judgment against Defendants jointly and severally for compensatory damages and for punitive damages including costs of this action, attorney fees and all other relief the Court deems appropriate under the circumstances.

### FOURTH CAUSE OF ACTION
### Eighth Amendment – Cruel and Unusual Punishment
### Plaintiff v. All Defendants

41.   Plaintiff hereby incorporates all previous paragraphs by reference.

42.   At all times relevant herein Plaintiff was under the care and custody of the Washington County Jail, all John Doe Defendants and Warden John Temas.

43.   As described above, Plaintiff was subjected to the use of excessive force at the hands of the John Doe Defendants which constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

44.   Warden John Temas and Washington County unreasonably disregarded a substantial risk that Plaintiff would be harmed and acted with deliberate indifference as described above.

45.   At all times relevant herein Plaintiff cooperated with the authorities and at no time did the John Doe defendants have the need to use force as Plaintiff was restrained and cooperative.

46.   The John Doe Defendants acted maliciously and sadistically to cause harm to Plaintiff resulting in the unnecessary and wanton infliction of pain in violation of the Eighth Amendment

47.   As the direct, proximate, and factual result of the conduct of the defendants, who acted jointly and severally, under the color of state law, the Plaintiff, Gregory Stumbo, has suffered

the following injuries and damages:

    j.  Plaintiff has suffered traumatic brain injury, facial contusions, eye injuries, a broken rib and severe bruising;

    k.  he has unnecessarily endured great pain, suffering, inconvenience, embarrassment, mental anguish, emotional and psychological trauma;

    l.  he may be required in the future to incur expenses for medical treatment and care, medical supplies, rehabilitation treatment, medicines and other attendant services;

    m.  he has sustained a loss in earning capacity, which may be permanent, as well as a loss in earnings;

    n.  his general health, strength and vitality have been permanently impaired;

    o.  he has been and may in the future be unable to enjoy the various pleasures of life;

    p.  he has in the past, and may continue in the future, to experience severe pain and suffering;

    q.  he has been required, and may continue in the future, to treat with various medical providers, physicians, surgeons and physical therapists; and

    r.  he will be required to spend money for care and rehabilitation and occupational training.

WHEREFORE, Plaintiff requests judgment against Defendants jointly and severally for compensatory damages and for punitive damages including costs of this action, attorney fees and all other relief the Court deems appropriate under the circumstances.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, prays for:

a. Declaratory judgment that Defendants violated Mr. Stumbo's constitutional, civil and statutory rights;

b. An award of appropriate compensatory and punitive damages against each Defendant in favor of Mr. Stumbo;

c. Awards of reasonable attorney's fees, costs, and litigation expenses associated with the prosecution of this action ;

d. For such other and further relief as the Court may deem proper.

## **JURY DEMAND**

Plaintiff requests a trial by jury with respect to all matters and issues properly triable by a jury.

DATED: 5/27/2016

Respectfully submitted,

/s/ Robert Rohrbaugh, Esquire.
Counsel for Plaintiff

/s/ Louis Kroeck, Esquire.
Counsel for Plaintiff